

UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>KRISTER SVEN EVERTSON, )<br>)<br>Defendant. )<br>_____) | A05-063CR (JWS)<br><br>ORDER FROM CHAMBERS<br><br>[Re:  Docket 25] |

### I. MOTION PRESENTED

At docket 25, defendant Krister Sven Everston moves to suppress all of the evidence derived from the execution of a search warrant.  The motion was fully briefed, and the magistrate judge filed a report at docket 40 recommending that the motion be denied.  Evertson filed timely objections.  Magistrate Judge Roberts filed a final report and recommendation at docket 42.  The magistrate judge continues to recommend that the motion be denied.

### II. STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1]  When reviewing a magistrate judge's report and recommendation in a case such as this one, the district court conducts *de*

---

[1] 28 U.S.C. § 636(b)(1).

*novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3]  Uncontested findings of fact are reviewed for clear error.[4]

## III.  DISCUSSION

Having reviewed the file and applied the standard of review articulated above, this court concludes that the magistrate judge has correctly found the facts and applied the law.  For these reasons, this court adopts Magistrate Judge Roberts' report and his recommendations  Based thereon, the motion at docket 25 is found wanting in merit, and it is **DENIED**.

This court will elaborate briefly on one of Evertson's objections which this court has reviewed.  Evertson objected to the fact that Magistrate Judge Roberts himself prepared a report and made recommendations on the motion to suppress, because Magistrate Judge Roberts was the magistrate judge who issued the search warrant in question.  Evertson contends that the magistrate judge should have recused himself pursuant to 28 U.S.C. § 455(a).  That statute provides that, "Any justice, judge, or magistrate judge of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned."

Evertson's argument overlooks well settled law holding that a judicial officer's decision in the same or another proceeding is not ordinarily an appropriate basis for recusal under section 455(a).  Indeed, it is commonplace for magistrate judges and district court judges to review their own decisions.  For example, Federal Rule of Civil Procedure 60(b) specifically provides that a judge may review his or her judgment for, among other things, mistake or inadvertence.  Similarly, motions for reconsideration are explicitly recognized in this court's local rules.   Furthermore, as Judge Roberts pointed out, the final trial court level decision on the motion to suppress is made by the district

---

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.,* 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

judge, not the magistrate judge.   Evertson points to no facts or circumstances which make this matter so unusual as to take it outside the norm and render the decision to issue the warrant a basis for recusal.

DATED at Anchorage, Alaska this 5th[th] day of December 2005.

JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE

A05-0063--CR (JWS)        12-6-05

/ K. MCCOY (FPD)
/ S. COLLINS (US ATTY)
/ MAGISTRATE JUDGE ROBERTS