Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska 99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>          Plaintiff,<br><br>     vs.<br><br>KRISTER SVEN EVERTSON,<br><br>          Defendant. | NO. A05-0063 CR (JWS)<br><br>**KRIS EVERTSON'S PROPOSED<br>JURY INSTRUCTIONS** |

Kris Evertson proposes the following jury instructions for use at trial. Mr. Evertson's proposed instructions are taken from the Manuel of Model Jury Instructions for the Ninth Circuit (West 2000) and O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions* (2000 ed.), and are set out in abbreviated form below.

Mr. Evertson proposes the following instructions from the Manuel of Model Jury Instructions for the Ninth Circuit:

**PRELIMINARY INSTRUCTIONS**

1.1     Duty of Jury

1.2     The Charge –   Presumption of Innocence

1.3     What is Evidence

1.4     What is not Evidence

1.5     Evidence Admitted for Limited Purpose

1.7     Rulings on Objections

1.8     Credibility of Witnesses

1.9     Conduct of the Jury

1.11    Taking Notes

1.12    Outline of Trial


**INSTRUCTIONS DURING TRIAL**

2.1     Cautionary Instruction –   First Recess

2.2     Bench Conferences and Recesses

2.12    Dismissal of Some Charges Against Defendant

2.13    Disposition of Charge Against Co-Defendant (Modified)


**INSTRUCTIONS AT END OF CASE**

3.0     Cover Sheet

3.1     Duty of Jury to Find Facts and Follow Law

3.2.    Charge Against Defendant Not Evidence –  Presumption of Innocence – Burden of Proof

3.6    What is Evidence

3.7    What is not Evidence

3.9    Credibility of Witnesses

3.11    Activities Not Charged

3.12    Separate Consideration of Multiple Counts –  Single Defendant

3.15    Lesser Included Offense


**CONSIDERATION OF PARTICULAR EVIDENCE**

4.1    Statements by Defendant

4.4    Character of Defendant

4.17    Opinion Evidence


**JURY DELIBERATIONS**

7.1    Duty to Deliberate

7.2    Consideration of Evidence

7.3    Use of Notes

7.6    Communication with Court

Mr. Evertson requests the following instructions from Volumes I A of O'Malley, Grenig, & Lee, *Federal Jury Practice and Instructions* (2000 ed.):

12.10   Presumption of Innocence, Burden of Proof, and Reasonable Doubt

In addition, Mr. Evertson proposes the following additional instructions, attached hereto, and reserves the right to submit additional proposed instructions as warranted at the close of all evidence. The proposed additional instructions include an instruction that Mr. Evertson suggests should be included in the preliminary instructions to the jury.

Dated at Anchorage, Alaska this 3rd day of January 2006.

Respectfully submitted,

s/KEVIN F. McCOY
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:        907-646-3400
Fax:          907-646-3480
E-Mail:       kevin_mccoy@fd.org

Certification:
I certify that on January 3, 2006,
a copy of *Kris Evertson's Proposed
Jury Instructions* was hand delivered to:

Bryan Schroder
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Kevin F. McCoy

4

## PRELIMINARY INSTRUCTION NO. A

The defendant is on trial because a grand jury indicted him on the charges contained in the indictment.  The mere fact that someone has been indicted by a grand jury may not be considered by you as any evidence that this person is guilty and I will now explain to you why this is so.

The hearing before a grand jury is very different than a trial.  In the first place, there is no judge in the grand jury room to rule on evidence and to rule on whether the questions asked of witnesses by the prosecutor are proper questions.

Second, hearsay may be testified to by grand jury witnesses which a judge would never permit to be heard by a trial jury.

Third, neither the defendant nor his lawyer are allowed to be in the grand jury room during grand jury proceedings. Only the prosecutor, witnesses and grand jurors are present.

Fourth, only the prosecutor can call witnesses before the grand jury.  The defendant has no right to call any witness who might testify to a different version of the facts than that presented by the prosecutor.  Moreover, the prosecutor is under no obligation to ask his witnesses questions which might provide facts showing a defendant's innocence.

Fifth, as you will learn during this trial, it is my responsibility, as the trial judge, to instruct you on the law you must apply to the facts.  In a grand jury hearing there is no judge to instruct the grand jury on the law and the only information the jurors might receive would be the comments from the prosecutor.

1

And finally, a defendant cannot ask a judge to dismiss an indictment because the evidence before the grand jury was not sufficient to indict.  In this connection, you should also know that the prosecution's burden of proof before a grand jury is much lower than beyond a reasonable doubt and that for this reason grand juries frequently indict persons who are found to be not guilty by trial juries.

For all these reasons, it would be a violation of your oath as jurors, to place any weight whatsoever on the fact that a grand jury indicted the defendant in this case.

2

## INSTRUCTION NO. B

The law presumes a defendant to be innocent of crime. Thus, a defendant, although accused, begins the trial with a "clean slate" – with no evidence against him. And the law permits nothing but legal evidence presented before a jury to be considered in support of any charge against the accused. So the presumption of innocence alone is sufficient for a not guilty verdict, unless and until the jurors are satisfied beyond a reasonable doubt of the defendant's guilt after careful and impartial consideration of all the evidence in the case.

It is not required that the government prove guilt beyond all possible doubt. The test is one of reasonable doubt. A reasonable doubt is a doubt based upon reason and common sense – the kind of doubt that would make a reasonable person hesitate to act. Proof beyond a reasonable doubt must, therefore, be proof of such a convincing character that a reasonable person would not hesitate to rely and act upon it in the most important of his or her own affairs.

The jury will remember that a defendant is never to be convicted on mere suspicion or conjecture.

The burden is always upon the prosecution to prove guilt beyond a reasonable doubt. The burden never shifts to a defendant; for the law never imposes on the accused in a criminal case the burden or duty of calling any witness or producing any evidence.

So if the jury, after careful and impartial consideration of all the evidence in the case, has a reasonable doubt that a defendant is guilty of a charge, it must render a verdict of not guilty. If the jury views the evidence in the case as reasonably permitting either of two

1

conclusions –  one of innocence, the other of guilty –  the jury should, of course, adopt the

conclusion of innocence.

**Authority:**    § 12.01 O'Malley, Grenig, & Lee,
                  *Federal Jury Practice and Instructions* (2000)

# INSTRUCTION NO. C

The defendant is charged in Count 1 of the indictment with willful violation of laws and regulations pertaining to the transportation of hazardous material in violation of Section 5124 of Title 49 of the United States Code.  In order to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about April 14, 2004, the defendant delivered to a United Parcel Service contracting agent a package containing sodium metal for transportation in interstate commerce;

Second, that the defendant willfully failed to label, placard, and package this package for transportation in interstate commerce as required by 49 C.F.R. § 173.13;

Third, that the defendant knew this his conduct was unlawful.

**Authority:**    49 U.S.C. § 5124

49 C.F.R. § 173.13

*Ratzlaf v. United States*, 510 U.S. 135, 137 (1994) (To establish that a defendant is acting willfully, "the Government must prove that the defendant acted with knowledge that his conduct was unlawful.")

1

*Bryan v. United States*, 524 U.S. 184, 194 (1998) ("In certain cases involving willful violations of the tax laws, we have concluded that the jury must find that the defendant was aware of the specific provision of the tax code that he was charged with violating. *See e.g. Cheek v. United States*, 498 U.S. 192, 201 (1991). Similarly, in order to satisfy a willful violation in *Ratzlaf*, we concluded that the jury had to find that the defendant knew that his structuring of cash transactions to avoid a reporting requirement was unlawful. *See* 510 U.S. at 138.

\* \* \* \* \*

Both the tax cases and *Ratzlaf* involved highly technical statutes that presented the danger of ensnaring individuals in apparently innocent conduct. As a result, we held that these statutes "carv[e] out an exception to the traditional rule" that ignorance of the law is no excuse and require that the defendant have knowledge of the law.)

*United States v. Henderson*, 243 F.3d 1168, 1171 (9th Cir. 2001)

2

## INSTRUCTION NO. D

The crime of willful violation of laws and regulations pertaining to the transportation of hazardous material in violation of Section 5124 of Title 49 of the United States Code as charged in Count 1 of the indictment includes the lesser crime of knowing violation of laws and regulations pertaining to the transportation of hazardous material in violation of Section 5123 of Title 49 of the United States Code.  If any of you are not convinced beyond a reasonable doubt that the defendant is guilty of willful violation of laws and regulations pertaining to the transportation of hazardous material; and all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of knowing violation of laws and regulations pertaining to the transportation of hazardous material, you may find the defendant guilty of the lesser included crime.

In order for the defendant to be found guilty of the lesser crime of knowing violation of laws and regulations pertaining to the transportation of hazardous material in violation of Section 5123 of Title 49 of the United States Code, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about April 14, 2004, the defendant delivered to a United Parcel Service contracting agent a package containing sodium metal for transportation in interstate commerce;

Second, that the defendant knowingly failed to label, placard, and package this package for transportation in interstate commerce as required by 49 C.F.R. § 173.13.

**Authority:**        49 U.S.C. § 5123

1

# INSTRUCTION NO. E

The defendant is charged in Count 2 of the indictment with willful violation of laws and regulations pertaining to the transportation of hazardous material in violation of Section 5124 of Title 49 of the United States Code. In order to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about April 16, 2004, the defendant delivered to a United Parcel Service contracting agent a package containing sodium metal for transportation in interstate commerce;

Second, that the defendant willfully failed to label, placard, and package this package for transportation in interstate commerce as required by 49 C.F.R. § 173.13;

Third, that the defendant knew that his conduct was unlawful.

**Authority:**     49 U.S.C. § 5124

49 C.F.R. § 173.13

*Ratzlaf v. United States*, 510 U.S. 135, 137 (1994)
(To establish that a defendant is acting willfully "the
Government must prove that the defendant acted
with knowledge that his conduct was unlawful.")

*Bryan v. United States*, 524 U.S. 184, 194 (1998)
("In certain cases involving willful violations of the

1

tax laws, we have concluded that the jury must find that the defendant was aware of the specific provision of the tax code that he was charged with violating. *See e.g. Cheek v. United States*, 498 U.S. 192, 201 (1991). Similarly, in order to satisfy a willful violation in *Ratzlaf*, we concluded that the jury had to find that the defendant knew that his structuring of cash transactions to avoid a reporting requirement was unlawful. *See* 510 U.S. at 138.

* * * * *

Both the tax cases and *Ratzlaf* involved highly technical statutes that presented the danger of ensnaring individuals in apparently innocent conduct. As a result, we held that these statutes "carv[e] out an exception to the traditional rule" that ignorance of the law is no excuse and require that the defendant have knowledge of the law.)

*United States v. Henderson*, 243 F.3d 1168, 1171 (9th Cir. 2001)

2

## INSTRUCTION NO. F

The crime of willful violation of laws and regulations pertaining to the transportation of hazardous material in violation of Section 5124 of Title 49 of the United States Code as charged in Count 2 of the indictment includes the lesser crime of knowing violation of laws and regulations pertaining to the transportation of hazardous material in violation of Section 5123 of Title 49 of the United States Code.  If any of you are not convinced beyond a reasonable doubt that the defendant is guilty of willful violation of laws and regulations pertaining to the transportation of hazardous material; and all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of knowing violation of laws and regulations pertaining to the transportation of hazardous material, you may find the defendant guilty of the lesser included crime.

In order for the defendant to be found guilty of the lesser crime of knowing violation of laws and regulations pertaining to the transportation of hazardous material in violation of Section 5123 of Title 49 of the United States Code, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about April 16, 2004, the defendant delivered to a United Parcel Service contracting agent a package containing sodium metal for transportation in interstate commerce;

Second, that the defendant knowingly failed to label, placard, and package this package for transportation in interstate commerce as required by 49 C.F.R. § 173.13.

**Authority:**    49 U.S.C. § 5123

1

## INSTRUCTION NO. G

The defendant is charged in Count 3 of the indictment with willful violation of laws and regulations pertaining to the transportation of hazardous material in violation of Section 5124 of Title 49 of the United States Code.  In order to be found guilty of that charge, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about April 16, 2004, the defendant delivered to a United Parcel Service contracting agent a package containing sodium metal for transportation in interstate commerce;

Second, that the defendant willfully failed to label, placard, and package this package for transportation in interstate commerce as required by 49 C.F.R. § 173.13;

Third, that the defendant knew that his conduct was unlawful.

**Authority:**   49 U.S.C. § 5124

49 C.F.R. § 173.13

*Ratzlaf v. United States*, 510 U.S. 135, 137 (1994) (To establish that a defendant is acting willfully "the Government must prove that the defendant acted with knowledge that his conduct was unlawful.")

1

*Bryan v. United States*, 524 U.S. 184, 194 (1998) ("In certain cases involving willful violations of the tax laws, we have concluded that the jury must find that the defendant was aware of the specific provision of the tax code that he was charged with violating. *See e.g. Cheek v. United States*, 498 U.S. 192, 201 (1991). Similarly, tin order to satisfy a willful violation in *Ratzlaf*, we concluded that the jury had to find that the defendant knew that his structuring of cash transactions to avoid a reporting requirement was unlawful. *See* 510 U.S. at 138.

\* \* \* \* \*

Both the tax cases and *Ratzlaf* involved highly technical statutes that presented the danger of ensnaring individuals in apparently innocent conduct. As a result, we held that these statutes "carv[e] out an exception to the traditional rule" that ignorance of the law is no excuse and require that the defendant have knowledge of the law.)

*United States v. Henderson*, 243 F.3d 1168, 1171 (9th Cir. 2001)

2

## INSTRUCTION NO. H

The crime of willful violation of laws and regulations pertaining to the transportation of hazardous material in violation of Section 5124 of Title 49 of the United States Code as charged in Count 3 of the indictment includes the lesser crime of knowing violation of laws and regulations pertaining to the transportation of hazardous material in violation of Section 5123 of Title 49 of the United States Code.  If any of you are not convinced beyond a reasonable doubt that the defendant is guilty of willful violation of laws and regulations pertaining to the transportation of hazardous material; and all of you are convinced beyond a reasonable doubt that the defendant is guilty of the lesser crime of knowing violation of laws and regulations pertaining to the transportation of hazardous material, you may find the defendant guilty of the lesser included crime.

In order for the defendant to be found guilty of the lesser crime of knowing violation of laws and regulations pertaining to the transportation of hazardous material in violation of Section 5123 of Title 49 of the United States Code, the government must prove each of the following elements beyond a reasonable doubt:

First, that on or about April 16, 2004, the defendant delivered to a United Parcel Service contracting agent a package containing sodium metal for transportation in interstate commerce;

Second, that the defendant knowingly failed to label, placard, and package this package for transportation in interstate commerce as required by 49 C.F.R. § 173.13.

**Authority:**    49 U.S.C. § 5123

1

**INSTRUCTION NO. I**

In order to convict the defendant of the charges in the indictment, you must find that he acted willfully.  A person acts willfully if he acts intentionally and purposely and with the intent to do something the law forbids, that is with the bad purpose to disobey or to disregard the law. The person need not be aware of the specific law or rule that his conduct may violate.  But he must act with the intent to do something that the law forbids.

**Authority:**    *United States v. Derington*, 229 F.3d 1243, 1248 (9th Cir. 2000)

1

## INSTRUCTION NO. I(a)

A subjectively held good faith misunderstanding of the law will negate willfulness.

Likewise, a subjectively held good faith belief that one is not violating the law will negate

willfulness.  Thus, if the defendant subjectively misunderstood the law, or in good faith actually

believed that he shipped the sodium metal safely, any failure to comply with the applicable

regulations cannot be found to be willful.  This is so, even if the defendant's mistake or the

defendant's belief was objectively unreasonable and incorrect.

**Authority:**

> *Cheek v. United States*, 498 U.S. 192, 199-200 (1991) ("The proliferation of statutes and regulations has sometimes made it difficult for the average citizen to know and comprehend the extent of the duties and obligations imposed by the tax laws.")

> *Cheek v. United States*, 498 U.S. 192, 201-04 (1991) ("We thus disagree with the Court of Appeals' requirement that a claimed good faith belief must be objectively reasonable if it is to be considered as possibly negating the Government's evidence purporting to show a defendant's awareness of the legal duty at issue.")

1

## INSTRUCTION NO. J

In order to convict the defendant of the lesser included offenses discussed in these instructions, you must find that the defendant acted knowingly. A person acts knowingly with respect to the laws and regulations pertaining to the transportation of hazardous material when,

(a)     the person has actual knowledge of the facts giving rise to the violation; or,

(b)     a reasonable person acting in circumstances and exercising reasonable care would have that knowledge.

**Authority:**    49 U.S.C. § 5123

1