TIMOTHY M. BURGESS
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 West Seventh Avenue, #9
Anchorage, Alaska  99507
Phone: (907) 271-5071
Fax: (907) 271-1500
E-mail:Bryan.Schroder@usa.usdoj.gov


IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA


| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | Case No. 3:05-cr-063-JWS |
| | ) | |
| Plaintiff, | ) | **GOVERNMENT'S** |
| | ) | **PROPOSED JURY** |
| vs. | ) | **INSTRUCTIONS** |
| | ) | |
| KRISTER "KRIS" SVEN EVERTSON, | ) | |
| a.k.a. "Chris Ericksson", a.k.a. "Krister | ) | |
| Ericksson", | ) | |
| | ) | |
| Defendant . | | |

COMES NOW the United States of America, by and through its counsel,

and requests that the Court instruct the jury in accordance with the following list of

jury instructions from the Manual of Model Criminal Jury Instructions for the

Ninth Circuit (2003 Edition), unless otherwise indicated, and from the separate

instructions attached hereto, as well as those, if any, to be submitted under separate

cover.

### Preliminary instructions

1.1          Duty of Jury

1.2          The Charge - Presumption of Innocence

1.3          What is Evidence

1.4          What is Not Evidence

1.5          Evidence for Limited Purpose

1.6          Direct and Circumstantial Evidence

1.7          Ruling on Objections

1.8          Credibility of Witnesses

1.9          Conduct of the Jury

1.10         No Transcript Available to Jury

1.11         Taking Notes

1.12         Outline of Trial

### Instructions in the Course of Trial

2.1          Cautionary Instruction - First Recess

2.2          Bench Conference and Recesses

### Instructions at End of Case

3.1          Duties of Jury to Find Facts and Follow Law

3.2          Charge Against Defendant Not Evidence, Presumption

             of Innocence, Burden of Proof

3.3          Defendant's Decision not to Testify

3.4          Defendant's Decision to Testify

3.5          Reasonable Doubt - Defined

3.6          What is Evidence

3.7          What is Not Evidence

3.8          Direct and Circumstantial Evidence

3.9          Credibility of Witnesses

3.11         Activities Not Charged

3.12         Separate Consideration of Multiple Counts

**Consideration of Particular Evidence**

4.1          Statements by Defendant

4.13         Government's Use of Undercover Agents

4.14         Eyewitness Identification

**Responsibility**

5.5          Willfully - Defined

The Government requests that the Court give the following instruction on willfullness in lieu of either of the instructions in the the Ninth Circuit Criminal Manual of Model Jury Instructions:

A person acts willfully when –

(1) the person has knowledge of the facts giving rise to the violation; and

(2) the person has knowledge that the conduct was unlawful.

In order to find that the defendant acted willfully, the government need not prove that the defendant knew the exact way in which the law was violated or the specific laws governing the transportation of hazardous material in commerce.

In determining whether the government has proven that the defendant acted willfully, you may consider any evidence leading up to, surrounding, and following the offering or tendering of the material for transportation, including the defendant's conduct and spoken words, or a combination of both.

The above instruction is consistent with <u>Bryan v. United States</u>, 524 U.S. 184, 193-196, the applicable Supreme Court opinion on willfulness not related to tax or currency violations.   The tax-related cases that define willfulness are inappropriate in the context of this case.  In those cases, the courts have sought to

protect individuals faced with tax code violations from criminal prosecution without knowledge of the law. Cheek v. U.S., 498 U.S.192, 199-200.

The charges against the defendant are distinguishable.  Almost all citizens are subject to the tax code, most dealing with it's provisions on a yearly basis, and therefore potentially subject to criminal prosecution for violations.  The Hazardous Material Act is a safety statute designed to protect hazardous material workers and the public.  Moreover, the Act and it's associated regulations only apply to individuals who voluntarily chose to ship hazardous materials.  The strict definition of "willfully" found in Cheek is not appropriate.

In addition, the language proposed above takes directly from the definition of "willfully" found 49 U.S.C. § 5124(c).  This is clarifying language recently added by Congress to resolve the conflict between definitions of willfulness, at least in hazardous material cases.  While this language was not in effect at the time of the defendant's charged offenses, due to its reflection of Congress' intent in the particular field of hazardous material, and its consistency with Bryan, it is appropriate for use in this trial.

Authority

Bryan v. United States, 118 S.Ct. 1939;  49 U.S.C. § 5124(c).

**<u>Jury Deliberations</u>**

7.1        Duty to Deliberate

7.2        Consideration of Evidence

7.3        Use of Notes

7.4        Jury Consideration of Punishment

7.5        Verdict Form

7.6        Communication With Court

**<u>Specific Offense Instructions</u>**

As there are no offense specific instructions in the Ninth Circuit for violations of 49 U.S.C. § 5124 and the associated Hazardous Material Transportation Regulations.  The Government proposes the following tailored instructions:

<u>Violation of a Federal Hazardous Materials Regulation</u>

Counts 1, 2, and 3 of the indictment charge Defendant Krister Evertson with willfully violating Title 49, United States Code, Section 5124. Title 49, United States Code, Section 5124 makes it a Federal crime or offense for anyone to willfully violate a federal hazardous materials regulation.

A Defendant can be found guilty of that offense only if all the following facts are proved beyond a reasonable doubt:

1.  That the Defendant violated a federal hazardous materials regulation, as alleged in the indictment, and with all of you agreeing on the regulation or regulations violated; and

2.  That the Defendant violated that regulation willfully.

I instruct you, as a matter of law, that the regulations set out in the counts charging a violation of Title 49, United States Code, Section 5124 are federal hazardous materials regulations that fall within the scope of Section 5124. I will explain those regulations to you shortly.

Authority:

49 U.S.C. §§ 5103 and 5124.

## Meaning of Hazardous Material

"Hazardous material" means a substance or material the Secretary of Transportation designates under section 5103(a) of Title 49 of the United States Code because transporting the material in a particular amount or form may pose an unreasonable risk to health and safety or property.

Authority

Title 49 U.S.C. §§ 5102(2) and 5103(a); 49 C.F.R. § 172.101 Hazardous Materials Table

### Designation of Sodium as a Hazardous Material

Pursuant to §5103(a) of Title 49 of the United States Code, the Secretary of Transportation has designated Sodium as a "hazardous material" in the Hazardous Material Table in 49 C.F.R. §172.101.

Section 171.101 also designates Sodium is a Division 4.3 material, which is defined in Section 173.124 as meaning it has the designation "dangerous when wet," and is defined as "a material that, by contact with water, is liable to become spontaneously flammable or to give off flammable or toxic gas...."

In addition, Section 172.101 designates Sodium within Packing Group I (of three packing groups).  Again under Section 173.124, a Division 4.3 dangerous when wet hazardous material is assigned to Packing Group I if "the material reacts vigorously with water at ambient temperatures and demonstrates a tendency for the gas produced to ignite spontaneously, or which reacts readily with water at ambient temperatures such that the rate of evolution of flammable gases is equal or greater than 10 L per kilogram of material over any one minute."

Authority:

Title 49 U.S.C. §§ 5102(2) and 5103(a); 49 C.F.R. § 172.101 Hazardous

Materials Table; 49 C.F.R. §§ 173.2 and 173.124.

Bulk versus Non-Bulk Packaging

Under the definitions section of the Hazardous Material Regulations, found

at Title 49, Code of Federal Regulations Section 171.8, bulk packaging is defined

as follows:

Bulk packaging means a packaging, other than a vessel or a barge, including

a transport vehicle or freight container, in which hazardous materials are loaded

with no intermediate form of containment and which has:

(1)    A maximum capacity greater than 450 L (119 gallons) as a receptacle

for a liquid;

(2)    A maximum net mass greater than 400 kg (882 pounds) and a

maximum capacity greater than 450 L (119 gallons) as a receptacle for a solid; or

(3)    A water capacity greater than 454 kg (1000 pounds) as a receptacle

for a gas as defined in Sec. 173.115 of this subchapter.


Any packaging with equal or less capacity is defined as non-bulk packaging.

Authority

49 C.F.R. § 171.8

<u>Hazardous Materials Regulations and Compliance Requirement</u>

At all times material to the indictment, the Hazardous Materials Regulations appeared at 49 CFR Parts 171-180 and specified requirements for the safe transportation of hazardous materials in commerce.

Section 171.2(a), states that "[n]o person may offer or accept a hazardous material for transportation . . . unless ...the hazardous material is properly classed, described, packaged, marked, labeled, and in condition for shipment as required or authorized by applicable requirements of this subchapter, or an exemption, approval issued under this subchapter....

Section 171.2(a) is part of Subchapter C of the Hazardous Materials Regulations, which also includes specific sections on:

<u>Shipping Papers</u> - Sections 172.200, 172.201, 172.202, and 172.204;

<u>Marking</u> - Sections 171.300, 171.301, 171.304;

<u>Labeling</u> - Sections 171.101, 172.400, 172.402, 172.423, and 172.448;

<u>Placarding</u> - Sections 172.500, 172.504, 172.506, and 172.548;

<u>Packaging</u> - Sections 173.22 and 173.211;

<u>Applicable Exceptions</u> - Section 173.13.

I will explain to you shortly these specific Hazardous Materials Regulations.

Authority:

49 C.F.R. 171-180, et seq.

Shipping Papers

Section 172.200(a) requires that any person who offers hazardous material

for transportation shall describe the hazardous material on a shipping paper.

Under Section 172.202(a)(1)-(5), that shipping paper must include the following:

    1.    The proper shipping name as prescribed under the regulations;

    2.    The hazard class or division prescribed for the material under the

regulations;

    3.    The identification number prescribed for the material under the

regulations;

    4.    The packing group, in Roman numerals, prescribed for the material

under the regulations; and

    5.    The total quantity of the hazardous material covered by the

description

The information required in 1 through 4 is all found in the entry for each hazardous

substance in the Hazardous Material Table in 49 C.F.R. § 172.101.

As required by Section 171.201, The shipping papers must also include an emergency response telephone number.  The telephone number must be the number of the person offering the hazardous material for transportation, or the number of an organization or agency capable of, and accepting responsibility for, providing the detailed information concerning the hazardous material.

As required by Section 172.204, each person offering hazardous materials for transportation must also certify on the shipping paper that the contents are properly classified, described, marked, labeled, packaged, and in proper condition for transportation.

<u>Authority</u>

49 C.F.R. § 171.101, 172.200, 172.201, 172.202, 172.204, and 172.604

<u>Marking</u>

Section 172.300 requires that any person who offers hazardous material for transportation shall mark each package as required.

Section 172.301(a) requires that the person offering the hazardous material for transportation mark the package with the shipping name and identification number.  This information is found in the specific entry for each hazardous substance in the Hazardous Material Table in 49 C.F.R. § 172.101.

Under Section 172.304(a), the markings must be in English, must be durable, and can be printed on or affixed to the surface of a package, or on a label, tag, or sign.

The markings must also be displayed on a background of sharply contrasting color, unobscured by labels or attachments, and must be located away from any other marking (such as advertising) that could substantially reduce its effectiveness.

<u>Authority</u>

49 C.F.R. §§ 171.300, 171.301, 171.304

<u>Labeling</u>

Section 172.400 requires that any person who offers hazardous material for transportation in a non-bulk package shall label each package with labels specified for the material in the Hazardous Materials Table in 49 C.F.R. § 171.101, and any other labels required by the following sections.

Under the Hazardous Materials Table, Sodium is a Division 4.3, "dangerous when wet" hazardous material, requiring a DANGEROUS WHEN WET label, as described and depicted in Section 171.423.

As designated in the Hazardous Materials Table at 49 C.F.R. § 171.101, Sodium is forbidden from transportation on passenger aircraft, and is thus

restricted to cargo aircraft only.  Under Section 172.402(c) a package containing a

hazardous material which is authorized on cargo aircraft only shall have a CARGO

AIRCRAFT ONLY label described and depicted in Section  172.448.

Authority

>   49 C.F.R. §§ 171.101, 172.400, 172.402, 172.423, and 172.448.

Placarding

Section 172.500 of Title 49 of the Code of Federal Regulations requires that

any person offering hazardous materials for transportation comply with the

placarding requirements of the applicable placarding sections.

Section 171.504 requires any bulk packaging, freight container, unit load

device, transport vehicle or rail car containing any quantity of a hazardous material

must be placarded on each side and each end with the type of placards specified in

tables 1 and 2 of that section.  Table 1 specifies that Division 4.3 materials require

a placard that indicates "DANGEROUS WHEN WET."  DANGEROUS WHEN

WET placards are described and depicted in a drawing in Section 171.548.

Section 172.506 requires that each  person offering a motor carrier a

hazardous material for transportation by highway shall provide to the motor carrier

the required placards for the material being offered prior to or at the same time the

material is offered for transportation, unless the carrier's motor vehicle is already

US v. EVERTSON
3:05-cr-63-JWS                                   14

placarded for the material. Moreover, under Section 172.506, no motor carrier

may transport a hazardous material in a motor vehicle, unless the placards required

for the hazardous material are affixed.

Authority

       49 C.F.R. §§ 172.500, 172.504, 172.506, and 172.548.

Packaging

       Under Section 173.22 of Title 49 of the Code of Federal Regulations, "a

person may offer a hazardous material for transportation in a packaging or

container required by this part only in accordance with the following: ...

(2) The person shall determine that the packaging or container is an authorized

packaging, including part 173 requirements, and that it has been manufactured,

assembled, and marked in accordance with:

       (i) Section 173.7(a) and parts 173, 178, or 179 of this subchapter;

       (ii) A specification of the Department in effect at the date of

manufacture of the packaging or container;

       (iii) National or international regulations based on the UN

Recommendations, as authorized in Sec. 173.24(d)(2);

       (iv) An approval issued under this subchapter; or

(v) An exemption issued under subchapter A of this chapter."

In meeting this requirement, a person may accept "the manufacturers certification, specification, approval, or exemption marking...."

The Hazardous Materials Table at Section 172.101 identifies Section 173.211 as the correct section for identifying packaging materials for Sodium. Section 173.211 lists appropriate packaging materials with a description and DOT standard specification code.

Under Section 178.3, each packaging represented as manufactured to a DOT specification must be marked with that specification code.

Authority

49 C.F.R. §§ 172.101, 173.22, 173.211, and 178.3

Applicable Exceptions

Under Section 173.13, a Division 4.3 material "is excepted from the labeling (except for the CARGO AIRCRAFT ONLY label) and placarding requirements of this subchapter if prepared for transportation in accordance with the requirements of this section...

(b) A hazardous material conforming to requirements of section 173.13 may be transported by motor vehicle, rail car, or cargo-only aircraft. Only hazardous

materials permitted to be transported aboard a cargo-only aircraft by column (9B)

of the Hazardous Materials Table in Sec. 172.101 of this subchapter are authorized

for transport aboard cargo- only aircraft pursuant to the provisions of this section.

(c) A hazardous material permitted by paragraph (a) of this section must be

packaged as follows: ...

(2) For solids:

(i) The hazardous material must be placed in a tightly closed glass,

plastic or metal inner packaging. The net quantity of material in any inner

packaging may not exceed 2.85 kg (6.25 pounds).

(ii) The inner packaging must be placed in a hermetically-sealed

barrier bag which is impervious to the lading.

(iii) The barrier bag and its contents must be placed in a fiberboard

box that is placed in a hermetically-sealed barrier bag which is impervious to the

lading.

(iv) The intermediate packaging must be placed inside an outer

packaging conforming to Sec. 173.211...

(d) The outside of the package must be marked, in association with the proper shipping name, with the statement: `This package conforms to 49 CFR 173.13.'"

"Hermetically Sealed" is defined in this regulation as "closed by fusion, gasketing, crimping, or equivalent means so that no gas or vapor can enter or escape."

<u>Authority</u>

49 C.F.R. §§ 171.8, 172.101, 173.13, and 173.211.


RESPECTFULLY SUBMITTED this 3rd day of January, 2006, at Anchorage, Alaska.

> TIMOTHY M. BURGESS
> United States Attorney
>
> s/Bryan Schoder
> BRYAN SCHRODER
> Assistant U.S. Attorney
> 222 West Seventh Avenue, #9
> Anchorage, Alaska  99507
> Phone: (907) 271-5071
> Fax: (907) 271-1500
> E-mail:Bryan.Schroder@usa.usdoj.gov
> WA# 21146

I hereby certify that on January 3, 2006,
a copy of the foregoing Government's
Proposed Jury Instructions was served
electronically on Kevin McCoy.

US v. EVERTSON
3:05-cr-63-JWS                          18

s/ Bryan Schoder

US v. EVERTSON
3:05-cr-63-JWS