Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTER SVEN EVERTSON,<br><br>Defendant. | NO. A05-0063 CR (JWS)<br><br>**MOTION ON SHORTENED TIME TO PRECLUDE CERTAIN EXPERT TESTIMONY** |

Kris Evertson asks this court for an order precluding certain expert testimony not previously disclosed in accordance with the provisions of Fed.R.Crim.P. 16(a)(1)(G).  A preclusion order is appropriate because four business days before trial, the government has disclosed an intent to rely on expert testimony not previously disclosed to or anticipated by the defense.  This matter has already been continued once because it is complex and because it presents novel issues of first impression.  Mr. Evertson has prepared his defense based on the government's earlier Fed.R.Crim.P. 16(a)(1)(G) disclosures and he is prejudiced by the government's late and still incomplete disclosures under the rule.

This motion is submitted pursuant to the Fifth Amendment Due Process Clause, Fed.R.Crim.P. 16(d)(2)(C), D.Ak.L.Crim.R. 47.1 and is based upon the affidavit of counsel filed herewith.

Dated at Anchorage, Alaska this 4th day of January 2006.

Respectfully submitted,

s/KEVIN F. McCOY
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:      907-646-3400
Fax:        907-646-3480
E-Mail:     kevin_mccoy@fd.org

Certification:
I certify that on January 4, 2006,
a copy of the *Motion on Shortened Time
to Preclude Certain Expert Testimony* was
served electronically on:

Bryan Schroder
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Kevin F. McCoy

Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTER SVEN EVERTSON,<br><br>Defendant. | NO. A05-0063 CR (JWS)<br><br>**AFFIDAVIT OF COUNSEL** |
| STATE OF ALASKA<br><br>THIRD JUDICIAL DISTRICT | ss: |

      Kevin F. McCoy being first duly sworn upon oath, deposes and says as follows:

      1.      I am the attorney for Kris Evertson.

      2.      Trial was originally scheduled for November 2, 2005.

      3.      This court granted Mr. Evertson's motion to continue trial because the subject matter of the trial is complex and because it presents novel issues of first impression. *See* Docket No. 34.

4.  The matter is now scheduled for trial on January 9, 2006.

5.  On September 16, 2005, Mr. Evertson submitted a written request to the government asking for all Fed.R.Crim.P. 16(a)(1) discovery including all expert witness discovery under Fed.R.Crim.P. 16(a)(1)(G). *See* Exhibit A (September 16, 2005, letter requesting discovery).

6.  On November 1, 2005, Mr. Evertson renewed his written request for expert discovery and in particular asked for disclosure of "any laboratory reports related to the alleged contents of each of the boxes which form the basis of the indictment as well any other boxes intercepted during the dates alleged in the indictment." *See* Exhibit B (November 1, 2005, letter requesting discovery).

7.  In response to the last request, the government produced the documents attached at Exhibit C (FBI and Oregon Department of Environmental Quality lab reports regarding sodium metals seized during investigation (7 pages)).

8.  Based on these disclosures, I did not expect additional expert discovery in the case.

9.  On January 3, 2006, the government filed its trial brief and announced it would call some or all of the following as yet unidentified persons to testify:

- A chemist/laboratory technician employed by the Oregon Department of Environmental Quality to testify about the nature of the substance shipped by the defendant to the undercover DOT OIG Special Agent;

- A chemist/laboratory technician employed by the F.B.I. Laboratory to testify about the nature of the substances offered for shipment by the defendant to Omar Alegira and John Brown;

> • An expert on hazardous materials employed by the F.B.I. to testify on the nature of hazardous materials, specifically sodium;
>
> • An expert on hazardous materials transportation who will testify about the purpose and operation of the Hazardous Material Regulations.

*See* Docket No. 50, pg. 7.

10. The government then represented:

> The government will give written notice to the defendant of its intention to elicit expert opinion testimony from chemists employed by the FBI Laboratory and the Oregon Department of Environmental Quality on Sodium metals, as well as an official from the U.S. Department of Transportation on the operation of the Hazardous Material Regulations found in 49 C.F.R. § 171 *et. seq.*, § 172 *et. seq.*, and § 173 *et. seq.*

*See* Docket No. 50, pg. 10.

11. Based on the disclosures made by the government in response to my Fed.R.Crim.P. 16(a)(1)(G) requests, I did not anticipate that additional expert discovery would be produced and planned Mr. Evertson's defense accordingly. In particular, I did not anticipate expert testimony on anything other than the fact that the items shipped in the boxes contained sodium metal.

12. In preparation for Mr. Evertson's trial, I retained Steven V. Hart of MidAmerica Transportation Services, Inc. to assist in the preparation of the defense. *See* Exhibit D (Steven V. Hart's resume). In particular, I asked Mr. Hart to review all of the materials produced, including the materials produced pursuant to Fed.R.Crim.P. 16(a)(1)(G) and have constructed a defense based on the materials that have been produced.

13.  Fed.R.Crim.P. 16(a)(1)(G) requires the government to provide a summary of the expert witness's opinions, the bases and reasons for those opinions, and the witness's qualifications.

14.  It is now three business days before trial. The government has not complied with its obligations under Fed.R.Crim.P. 16(a)(1)(G). If it complies in the interim, I reasonably do not expect to be able to meaningfully review the additional material with Mr. Hart or even determine whether additional expert assistance is required.

15.  For these reasons, I am asking that all expert testimony that is not covered by the disclosures made to the defense on November 2, 2005, be excluded from trial.

FURTHER YOUR AFFIANT SAYETH NAUGHT.

_____
KEVIN F. McCOY

SUBSCRIBED AND SWORN to before me this 4th day of January 2006.

_____
Notary Public in and for Alaska
My Commission Expires: 12/20/2008

4