Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, <br><br> Plaintiff, <br><br> vs. <br><br> KRISTER SVEN EVERTSON, <br><br> Defendant. | NO. A05-0063 CR (JWS) <br><br> **KRIS EVERTSON'S OBJECTIONS TO THE REPORT AND RECOMMENDATION AT DOCKET NO. 45** |

**I.   Introduction.**

Kris Evertson respectfully objects to the recommendation that the motion to suppress evidence at Docket No. 18 be denied.  Mr. Evertson has two objections.  First, he respectfully objects to the factual conclusion that Mr. Evertson was fully advised of his *Miranda* rights.  Second, even if Mr. Evertson was so advised, he asserted his right to silence regarding how the sodium metal came to Alaska.  Consequently, any comments he made regarding this subject must be suppressed.

II.  **The Record Does Not Support The Factual Finding That Mr. Evertson Was Properly Advised Of His *Miranda* Rights.**

The report finds that Mr. Evertson was advised of his *Miranda* rights because the officers read verbatim from the FD 395 Form. Unfortunately, the form has been lost and there is no record of precisely what rights were read to Mr. Evertson. Indeed, the government failed to produce a FD 395 Form to determine what the form contained and whether the form represented a comprehensive review of Mr. Evertson's right to silence and his right to counsel. *United States v. Noti*, 731 F.2d 610, 615 (9th Cir. 1984) (defective *Miranda* warning that failed to inform defendant that he had a right to counsel during any questions required suppression).

The only evidence regarding what rights were given was presented after argument and after the government sought to reopen evidence on the subject, and then only in response to leading questions from government counsel. Under these circumstances, Mr. Evertson respectfully submits that the presumption against waiver controls and the record fails to establish that Mr. Evertson was properly advised of his rights.

III.  **Mr. Evertson Asserted His Right To Silence When Asked To Explain How The Sodium Metal Was Transported To Alaska.**

The report finds that Mr. Evertson declined to answer questions about how he got a portion of the sodium metal from Idaho to Alaska.

> During one line of questioning Evertson was asked where the sodium metal came from and Evertson responded with words to the effect that if he told them, he'd probably get in more trouble. Evertson declined to answer questions about how he got a portion

> of the sodium from Idaho to Alaska. TR. 83. Evertson never provided that information during his interview. TR 53.

Report at pg 5.

A Fifth Amendment's privilege against self-incrimination contains the implicit promise that a defendant's post-arrest silence will not prove detrimental to the defendant. "It is impermissible to penalize an individual for exercising his Fifth Amendment privilege when he is under police custodial interrogation." *Miranda v. Arizona*, 384 U.S. 436, 468 n. 37 (1966). Accordingly, the government may not refer to the defendant's assertion of his Fifth Amendment right at the time of his arrest and interrogation during trial because jurors may infer guilty from the defendant's refusal to answer law enforcement's questions. *Id*. at 468 n. 37; *Doyle v. Ohio*, 426 U.S. 610, 618-19 (1976). A defendant may waive his right to remain silent selectively, waiving it with regard to some, but not all topics of discussion. *United States v. Lopez-Diaz*, 630 F.2d 661, 664 n. 2 (9th Cir. 1980). A suspect may also revoke selectively a previously effected comprehensive waiver. *See United States .v Lorenzo,* 570 F.2d 294, 297-98 (9th Cir. 1978). The fact that a defendant invokes his right to silence and later waives it does not allow the government to comment on his previous invocation. *United States v. Velarde-Gomez*, 269 F.3d 1023 (9th Cir. 2001).

Here, Mr. Evertson was advised of his *Miranda* rights. He chose to freely answer most of the questions put to him by the law enforcement agents; however, he declined to answer a particular question regarding how pieces of the sodium metal ended up in Alaska. The government should not be allowed to introduce his assertion of his Fifth Amendment rights regarding this particular line of questioning.

For these reasons, alleged statements by Mr. Evertson that "he'd probably get in more trouble" if he told the officers how the sodium metal got from Idaho to Alaska must be suppressed.

Dated at Anchorage, Alaska this 4th day of January 2006.

Respectfully submitted,

s/KEVIN F. McCOY
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:     907-646-3400
Fax:        907-646-3480
E-Mail:    kevin_mccoy@fd.org

Certification:
I certify that on January 4, 2006,
a copy of *Kris Evertson's Objections
to the Report and Recommendation at
Docket No. 45* was served Electronically on:

Bryan Schroder
Assistant United States Attorney
U.S. Attorney's Office
222 West Seventh Avenue #9, Room 253
Anchorage, AK  99513-7567

s/Kevin F. McCoy