Kevin F. McCoy
Assistant Federal Defender
FEDERAL PUBLIC DEFENDER
FOR THE DISTRICT OF ALASKA
550 W. Seventh Avenue, Suite 1600
Anchorage, Alaska  99501
(907) 646-3400

Attorney for Defendant

UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>vs.<br><br>KRISTER SVEN EVERTSON,<br><br>Defendant. | NO. A05-0063 CR (JWS)<br><br>**MEMORANDUM OF LAW IN SUPPORT OF MOTION ON SHORTENED TIME FOR *IN LIMINE* ORDERS** |

**I.     Introduction.**

Kris Evertson asks this court on shortened time for *in limine* orders excluding the following evidence:

1. Expert Testimony on the nature of the hazard posed by sodium metal;

2. Expert Testimony describing the reaction and subsequent explosion of a half-pound of sodium metal as comparable to the explosion produced by an average car bomb;

3. Expert Testimony regarding the operation of Hazardous Material Regulations found in 49 C.F.R. § 171 *et. seq.*, § 172 *et. seq.*, and § 173 *et. seq.*

    4.    Expert Testimony regarding a hazardous materials list in 49 C.F.R. § 172.101, the designation of sodium metal as packing group I material and the limitations on transportation by cargo aircraft based on potential danger involved in transporting sodium metal;

    5.    A U.S. Postal Service publication "A Customer's Guide to Mailing" seized from the defendant's home;

    6.    A notebook relating to eBay sales seized from Defendant's home.

This evidence should be excluded because it is irrelevant, because it will confuse and mislead the jury, and because it involves evidence of alleged prior misconduct to imply conformity.

## II. The Central Issue In This Case Will Be Whether Mr. Evertson's Conduct Was Willful; The Central Issue In This Case Will Not Be The Danger Posed By Sodium Metal Or The Plethora Of Regulations Governing Shipment Of Sodium Metal When It Weighs More Than 6.25 pounds.

The indictment charges Mr. Evertson with three counts of willful failure to comply with laws and regulations pertaining to the transportation of sodium metal. The Bill of Particulars at Docket No. 36 identifies 49 C.F.R. § 173.13 as the specific regulation that the government alleges that Mr. Evertson willfully violated.

The evidence at trial will establish that Mr. Evertson shipped between 11 and 12 ounces of sodium metal from the Bogard Mail Service in Wasilla, Alaska three times in April of 2004. Each shipment was made in connection with the sale of small quantities of sodium metal over the internet using the eBay Internet Auction site. The government alleges that Mr. Evertson's three auctions identified sodium metal as a hazardous substance and represented that

it would be shipped ground in accordance with 49 C.F.R. § 173.13. Each sale was intended to net Mr. Evertson approximately $100.00.

The evidence at trial will establish that the packages shipped by Mr. Evertson did not conform to the requirements of 49 C.F.R. § 173.13 and Mr. Evertson will concede at trial that the packages he sent in fact failed to comply with 49 C.F.R. § 173.13. This case is not about how dangerous sodium metal is. This case is not about what happens when sodium metal comes into contact with water. And this case is not about the rules and regulations governing the shipment of quantities of sodium metal exceeding the 6.25 pound exemption found in 49 C.F.R. § 173.13. Instead, the central issue in the case rests exclusively on whether Mr. Evertson's failure to comply with 49 C.F.R. § 173.13 was willful as that term is used in 49 U.S.C. § 5124.

### III. Mr. Evertson Concedes The Following Facts.

This case needs to be streamlined to save time and to make it readily understandable to the jury. Accordingly, Mr. Evertson concedes the following judicially noticeable facts:

- Sodium Metal has been designated by the Secretary of Transportation as a "hazardous material;

- Sodium metal is a Division 4.3 material because it is dangerous when wet;

- Sodium metal is classified as dangerous when wet because it is liable to become spontaneously flammable or give off flammable or toxic gas if it comes in contact with water;

- 49 C.F.R. § 173.13 governs the shipment of sodium metal when the weight shipped is less than 6.25 pounds.

### A.  Evidence Of Potential Danger Should Be Excluded – FRE 403.

Under these circumstances, evidence of the nature of the hazard posed by sodium metal, as well as evidence about the reaction and subsequent explosion of a half-pound of sodium metal being comparable to the explosion produced by an average car bomb, is irrelevant under Fed.R.Evid. 401. This case is not about the dangerousness of sodium metal. It is about whether Mr. Evertson willfully disregarded the requirements of 49 C.F.R. § 173.13 when he shipped the sodium metal at issue here. The prejudicial impact of dangerousness outweighs any probative value when the only issue relates to Mr. Evertson's mental state when he shipped the three packages.

For similar reasons, evidence about the potential danger posed when sodium metal is transported by air is irrelevant under Fed.R.Evid. 401 because the undisputed evidence will be that Mr. Evertson shipped the sodium metal at issue in this case by ground. Again, any marginal relevance is far outweighed by the risk that the jury will be misled or confused about evidence of potential dangerousness to the exclusion of a meaningful analysis of willfulness.

### B.  Evidence Of Laws And Regulations Governing The Shipment Of Sodium Metal Exceeding 6.25 Pounds Is Irrelevant.

This case is not about the shipment of sodium metal in amounts exceeding 6.25 pounds. Its about three 11-ounce shipments. Thus, evidence regarding the shipment of bulk quantities of sodium metal is irrelevant under Fed.R.Evid. 401.

### C.  Other Evidence That Should Be Excluded.

Finally, there is no evidence that Mr. Evertson ever attempted to mail sodium metal via the United States Postal Service. Thus, evidence of the contents of this pamphlet,

entitled "A Customer's Guide to Mailing" is irrelevant. Similarly, evidence of a notebook detailing other eBay sales not charged in this indictment violates 404(b) as well as 403.

**IV.     Conclusion.**

For all these reasons, Mr. Evertson asks that the required *in limine* orders be granted.

Dated at Anchorage, Alaska this 4th day of January 2006.

Respectfully submitted,

s/KEVIN F. McCOY
Assistant Federal Defender
550 West 7th Avenue, Suite 1600
Anchorage, AK 99501
Phone:       907-646-3400
Fax:            907-646-3480
E-Mail:       kevin_mccoy@fd.org