UNITED STATES DISTRICT COURT

DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> KRISTER SVEN EVERTSON, ) <br> ) <br> Defendant. ) <br> ) | A05-63 CR (JWS) <br><br> ORDER FROM CHAMBERS <br><br> [Re:  Motion at docket 18 ] |

## I.  MOTION PRESENTED

At docket 18, defendant Krister Sven Evertson moves to suppress statements given by him to law enforcement officers on May 26, 2004, on the grounds that they were involuntary and taken in violation of law.  Magistrate Judge Roberts conducted an evidentiary hearing on November 5, 2005, regarding the circumstances surrounding the making of the statements.  In a report at docket 45, Magistrate Judge Roberts provides recommended findings of fact and conclusions of law.  Based thereon, he recommends that the motion be denied.  Defendant filed objections at docket 57.

## II.  STANDARD OF REVIEW

The district court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate."[1]  When reviewing a magistrate judge's

---

[1] 28 U.S.C. § 636(b)(1).

report and recommendation in a case such as this one, the district court conducts *de novo* review of all conclusions of law,[2] and any findings of fact to which objections have been made.[3] Uncontested findings of fact are reviewed for clear error.[4]

### III. DISCUSSION

This court has reviewed the file, including defendant's objections and a transcript of the evidentiary hearing.[5] Contrary to Evertson's assertion, the record clearly discloses that Evertson was given his *Miranda* rights. The inability to locate a written waiver does not vitiate the credible testimony on this issue which is persuasive. During questioning, Evertson refused to say where the sodium metal came from. Based on the authorities cited and reasons articulated in the objections at docket 57, the court agrees with defendant that his refusal to answer such inquiry may not be admitted into evidence at the trial in the government's case-in-chief. The court does not reach the issue of whether Evertson's refusal to answer could become an appropriate topic of cross-examination if Evertson chooses to testify in his own defense, because the contents of his testimony cannot be ascertained at this time.

Applying the standard of review articulated in section II above, this court concludes that Magistrate Judge Roberts correctly found the facts and applied the law to the facts. Therefore, this court adopts his recommended findings of fact and conclusions of law. In addition, this court orders the United States to refrain from making any reference to Evertson's refusal to say from whence came the sodium metal during its case-in-chief.

---

[2] *Barilla v. Ervin,* 886 F.2d 1514, 1518 (9th Cir. 1989), *overruled on other grounds by Simpson v. Lear Astronics Corp.*, 77 F.3d 1170, 1174 (9th Cir. 1996).

[3] 28 U.S.C. § 636(b)(1).

[4] *Taberer v. Armstrong World Industries, Inc.,* 954 F.2d 888, 906 (3d Cir. 1992).

[5] The transcript is at docket 39.

## IV.  CONCLUSION

For the reasons discussed above, and with the addition of a prohibition on the use of Evertson's refusal to answer regarding the provenance of the sodium metal as set out above, this court adopts the recommendations made by the magistrate judge. Based thereon, the motion at docket 18 is **DENIED**.

DATED at Anchorage, Alaska this 5th day of January 2006.

/s/
JOHN W. SEDWICK
UNITED STATES DISTRICT JUDGE