TIMOTHY M. BURGESS
United States Attorney

BRYAN SCHRODER
Assistant U.S. Attorney
Federal Building & U.S. Courthouse
222 W. 7th Avenue, #9
Anchorage, Alaska  99513-7567
(907) 271-5071
Fax: (907) 271-1500
E-mail: Bryan.Schroder@usa.usdoj.gov

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | Case No. 3:05-cr-063-RBB |
| ) | |
| Plaintiff, ) | **GOVERNMENT'S** |
| ) | **OPPOSITION TO** |
| v. ) | **DEFENDANT'S MOTION TO** |
| ) | **PRECLUDE EXPERT** |
| KRISTER "KRIS" SVEN ) | **TESTIMONY** |
| EVERTSON,   a.k.a. "Chris ) | |
| Ericksson", a.k.a. "Krister ) | |
| Ericksson", ) | |
| ) | |
| Defendant. | |

The Defendant has moved through counsel to preclude introduction of expert testimony proposed by the Government; the Government opposes.

Federal Rule of Evidence 702 allows for the testimony of expert witnesses to "assist the tryer of fact to understand the evidence." While expert witness

testimony is often scientific in nature, and given in the form of opinions, the plain language of FRE 702 allows for broader assistance to the tryer of fact. Particularly, "technical" expertise can be provided, either by opinion testimony, "or otherwise."

The charges in this case make such technical expertise appropriate. The case involves the shipping of certain hazardous material in violation of the Federal Hazardous Material Regulations (HMR), found at 49 C.F.R. §§171-180. Information about the purpose and operation of the regulations, as well as information about the characteristics of Sodium that cause it to be listed as a hazardous material, will help the jury understand the case. As such, the Government intends to present information from two witnesses with technical knowledge that will assist the tryer of fact:

Mr. John Gale, U.S. Department of Transportation - Mr Gale will testify about the purpose and operation of the Hazardous Material Regulations, focusing on the requirements for non-bulk shipments of Sodium.

Mr. Ben Garrett, former member of the FBI laboratory's Hazardous Material Response Unite- Mr. Garrett will testify about the nature of Sodium, its characteristics as a hazardous material, and why Sodium is a cause for concern to hazardous material workers and responders.

US v. EVERSTON
3:05-cr-063-JWS                                                                 2

Both witnesses will solely provide technical information to the court and the tryer of fact. Neither witness will called upon to provide an opinion, or apply the specific facts of the case to the information they provide. Because they produced no reports, nor will provide opinion testimony, that information was not provided in discovery under Federal Rule of Criminal Procedure 16. Notices of proposed testimony for Dr. Garrett and Mr. Gale, along with their resumes, were filed today.

Under the offenses charged in all three counts of the indictment against the Defendant, 49 U.S.C. §5124, the Government faces an elevated level of proof. The Government must prove that the Defendant <u>willfully</u> violated the Department of Transportation Hazardous Material Regulations. In Defense Counsel's summary of testimony for the Defendant's expert witness Steven Hart, provided to the Government only yesterday, Defense Counsel indicated that Mr. Hart will testify about the complicated nature of the regulations. The testimony of the government's technical experts is necessary to rebut Defendant's contention, and allow the Government to meet its elevated burden of proving willfulness. It is appropriate for this technical information to be provided in the case-in-chief because it will help the jury to understand the case as entered by the Government. Without the Government's proposed testimony, the jury will hear that the

Defendant is charged with regulations violations, and they will hear about particular acts, but they will have no context about the requirements of the regulations. Moreover, they will have no context about why it matters that Sodium is handled under the HMR.

As to Mr. Gale's testimony, the Court may be concerned that it is the responsibility of the court to provide the law to the jury, not an expert. The Government's proposed testimony will not usurp the Court's position. The Government has proposed jury instructions on the regulations for the Court to provide. Unfortunately, hearing those instructions at the end of the case leaves a void in the understanding of the jury as the case proceeds. Unlike more common crimes like robbery or drug dealing, the jury starts with no common knowledge of what conduct is acceptable or not acceptable. The testimony of Mr. Gale will help the jury take the law as provided by the judge and correctly apply it in their deliberations. Moreover, there are numerous examples of the courts allowing expert witnesses on regulations. U.S. v. Soskin, 100 F.3d 1377, 1382 (7th Cir. 1996), U.S. v. Van Dyke, 14 F.3d 415, 422 (8th Cir. 1994), U.S. v. Baer, 575 F.2d 1295, 1297 (10th Cir. 1978),

Defendant, in his Motion, argues that the issues in this case are "complex." If that is true, use of technical expert testimony is appropriate to assist the tryer of fact in understanding the alleged complications.

RESPECTFULLY SUBMITTED this 5th day of January, 2006, at Anchorage, Alaska.

> TIMOTHY M. BURGESS
> United States Attorney
>
> s/Bryan Schroder
> Assistant U.S. Attorney
> 222 W. 7th Avenue, #9
> Anchorage, Alaska  99513-7567
> Phone : (907) 271-5071
> Fax: (907) 271-1500
> E-mail:Bryan.Schroder@usa.usdoj.gov
> WA# 21146

I hereby certify that on January 5, 2006, a copy of the foregoing Government's Opposition to Defendant's Motion to Preclude Expert Testimony was served electronically on Kevin McCoy.

s/ Bryan Schroder